﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 181001-453
DATE: March 18, 2019

ORDER

A notice of disagreement was timely filed as to a May 21, 2014 rating decision that denied entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).

FINDINGS OF FACT

1. In May 2014, the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas issued a rating decision that, in pertinent part, denied entitlement to a TDIU; On May 29, 2014, the RO mailed notice of that decision to the Veteran.

2. On June 20, 2014, the Veteran filed what he referred to as a “Statement of Disagreement” with the May 2014 rating decision.

3. On October 13, 2014, the Veteran submitted a statement wherein, among other things, he asserted that his pending request for 100 percent disability due to unemployability should be granted.

4. On May 7, 2015, the Veteran submitted a statement wherein he requested 100 percent disability because of individual unemployability and asked that the RO re-evaluate its previous rulings of May 2014.

CONCLUSION OF LAW

The Veteran filed a timely notice of disagreement as to the May 21, 2014 rating decision that denied entitlement to a TDIU. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.101, 20.200, 20.302, 20.305.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Air Force from April 1977 to June 1996. His decorations include the Meritorious Service Medal with three devices.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act. This law creates a new framework for Veterans to seek review of VA decisions with which they are dissatisfied. The Board is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP).

By a filing of March 2018, the Veteran elected RAMP’s Higher-Level review option. Following the denial of the issue on Higher Level review in April 2018, the Veteran elected to appeal to the Board of Veterans’ Appeals (Board) under RAMP’s Evidence Submission option in October 2018.

Whether a notice of disagreement was timely filed as to a May 21, 2014 rating decision that denied entitlement to a TDIU.

An appeal to the Board must be initiated by a notice of disagreement and completed by a substantive appeal after a statement of the case is issued to the claimant by VA. 38 U.S.C. § 7105(a); 38 C.F.R. §§ 20.200, 20.201, 20.202, 20.302. A claimant or representative must file a notice of disagreement within one year from the date that the agency of original jurisdiction mailed notice of a decision. 38 C.F.R. § 20.302(a). If a notice of disagreement is not filed within the one-year period, the decision becomes final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.160(d), 20.200, 20.201, 20.302, 20.1103. An untimely notice of disagreement deprives the Board of jurisdiction to consider the merits of an appeal. 38 U.S.C. § 7105(c).

At the time of the rating decision here at issue, a notice of disagreement was defined as a written communication from a claimant or his representative expressing dissatisfaction or disagreement with an adjudicative determination by the AOJ and a desire to contest the result. 38 C.F.R. § 20.201 (2014). The governing regulation expressly provided that special wording was not required so long as the notice of disagreement was in terms that could reasonably be construed as disagreement with a determination and a desire for appellate review. Id. 

In May 2014, the RO in Wichita, Kansas issued a rating decision that, in pertinent part, denied entitlement to a TDIU. On May 29, 2014, the RO mailed notice of that decision to the Veteran. The Veteran asserts that he filed a notice of disagreement in June 2014, and again in May 2015, with respect to the denial of a TDIU.

The RO has determined that a timely notice of disagreement was not received. In so doing, the RO observed that it had not received a notice of disagreement in June 2014, and that the Veteran’s May 2015 correspondence contained a request for “re-evaluation.” The RO found that the words “re-evaluation” and “disagreement” were not interchangeable. See April 2018 Rating Decision. 

The record reflects that multiple documents were received by the RO on June 20, 2014, according to the date stamp. These include a cover letter bearing the words, “Statement of Disagreement with your Rating Decision of 21 May 2014.”

The Veteran has provided a certified mail receipt as proof that the RO received his June 2014 correspondence. The Veteran’s certified mail receipt indicates that correspondence was sent to the RO on June 18, 2014 and contains a signature indicating receipt by the RO on June 20, 2014. The receipt also indicates that the mail was in reference to the Veteran’s VA claims. 

On October 13, 2014, the Veteran submitted a statement wherein, among other things, he asserted that his pending request for 100 percent disability due to unemployability should be granted.

Follow-up correspondence from the Veteran, received on May 7, 2015, inquired as to whether the RO had received the Veteran’s request sent in June 2014. The Veteran included certified mail receipts. The Veteran also included the June 2014 cover page containing the words, “Statement of Disagreement with your Rating Decision of 21 May 2014.” The Veteran requested 100 percent disability because of individual unemployability and asked that the RO re-evaluate its previous rulings of May 2014.

The Board finds that evidence supports the Veteran’s appeal. He clearly submitted what he termed a “Statement of Disagreement” on June 20, 2014; well within a year of the May 2014 decision at issue. Although he did not term it a “Notice of Disagreement” (which most certainly would have been considered adequate under the provisions of former 38 C.F.R. § 20.201), the Board notes that the Veteran was unrepresented at that time. As such, he was entitled to a sympathetic and liberal construction of his submissions. Moreover, to the extent there was any ambiguity as to the scope of his initial Statement of Disagreement, he made clear in subsequent submissions within the one-year period that he was dissatisfied with the RO’s denial of a TDIU. The appeal is granted.

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. Kettler, Associate Counsel